IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>OSMAR BARRAZA-CALDERA (02),<br><br>       Defendant. | Case No. 19-20024-02-DDC |

## MEMORANDUM AND ORDER

Defendant Osmar Barraza-Caldera pleaded guilty to a charge that he violated 21 U.S.C. §846—conspiracy to distribute and possess with intent to distribute heroin. Doc. 91. The court sentenced Mr. Barraza-Caldera to 120 months in prison. Doc. 102 at 2. This sentence comported with both defendant's Guideline range (120 to 135 months) and, more importantly for current purposes, the minimum term in prison mandated by federal statute, 10 years. *See* Doc. 94 at 16 (citing 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)(i) as requiring 10 years in prison and specifying Guidelines range).

Now, Mr. Barraza-Caldera has asked the court to appoint counsel to represent him. He explains that he wishes to secure counsel "to assist with his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2)." Doc. 120 at 1. Supporting his request, Mr. Barraza-Caldera recites that he can't afford to hire a lawyer; the issues in his motion are complex; he has limited access to his prison's law library; and he has limited understanding of the law. *Id.* The court ordered the government to respond to this motion, and it did so in Doc. 121. In a nutshell, the government argues that the court couldn't reduce Mr. Barraza-Caldera's sentence even if it wanted to do so. Doc. 121 at 2–3.

While the court understands the government's arguments, it declines to predict any outcome on a putative § 3582(c)(2) motion, should Mr. Barraza-Caldera assert one.  The court also declines to appoint counsel for him based on the current record.  As a rule, Mr. Barraza-Caldera has "no right to counsel in postconviction proceedings."  *Garza v. Idaho*, 586 U.S. 232, 245–46 (2019), (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)); *see also McPherson v. Miers*, 7 F. App'x. 845, 849 (10th Cir. 2001)).  ("[T]here is no constitutional right to counsel in state post-conviction proceedings.").  His current motion does not convince the court that it should appoint a lawyer to represent him on the motion he anticipates filing.

**THEREFORE, the court denies** defendant's Motion for Appointment of Counsel (Doc. 120).

**IT IS SO ORDERED.**

**Dated this 12th day of November, 2024, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
**Daniel D. Crabtree**  
**United States District Judge**